**Affirmed and Majority and Dissenting Opinions filed July 29, 2022.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-20-00485-CV

---

**CITY OF HOUSTON, Appellant**

**V.**

**CATRENNIA FOREMAN SAULS, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF DWAYNE FOREMAN, DECEASED; AND TRISTENA CHRISTIAN, AS NEXT FRIEND OF D.F., A MINOR, Appellees**

---

**On Appeal from the 113th District Court
Harris County, Texas
Trial Court Cause No. 2019-77138**

---

### DISSENTING OPINION

Assuming that the City was required to prove the need-risk factors to establish good faith for official immunity in this case, I would conclude that the City has met its burden. As the majority acknowledges, the burden is low. The good-faith standard is similar to the standard for abuse of discretion and protects all but the plainly incompetent. *See City of San Antonio v. Riojas*, 640 S.W.3d

534, 540 (Tex. 2022). The officer need not expressly identify alternatives that may have been considered. *See Tex. Dep't of Public Safety v. Bonilla*, 481 S.W.3d 640, 645 (Tex. 2015). And the officer need not explicitly mention the risk of colliding with a third party; by mentioning facts such as the time of day and road conditions, the officer can demonstrate assessment of specific circumstances that affect the risk. *See Univ. of Houston v. Clark*, 38 S.W.3d 578, 586 (Tex. 2000).

Here, the officer's affidavit addressed why he did not respond with lights and sirens active: "emergency lights and sirens can agitate the patient and put them on the defensive rather than understanding officers are there to help." The officer also considered the traffic conditions, weather, road conditions, lighting, and that his view was obscured by trees and the A pillar of his vehicle. The majority, by requiring the officer to explain why he did not use emergency lights at some point before the collision, essentially would require officers to show that all reasonably prudent officers would have taken the same actions. Although the officer may have been negligent, the good faith element may still be proven; the test does not inquire into what a reasonable officer "would have done," but instead what a reasonable officer "could have believed." *See Riojas*, 640 S.W.3d at 541.

I would hold that the officer's affidavit sufficiently addressed the need-risk factors to demonstrate that a reasonably prudent officer, under the same or similar circumstances, could have believed his actions were justified based on the information he had at the time. *See, e.g.*, *Telthorster v. Tennell*, 92 S.W.3d 457, 465 (Tex. 2002).

The majority's insistence that the officer should have addressed the possibility of having his lights and sirens activated, for some undetermined amount of time while driving to the dispatched location, is the type of hindsight that official immunity is designed to prevent. *See id.* at 463 ("[O]fficial immunity is

designed to protect public officials from being forced to defend their decisions that were reasonable when made, but upon which hindsight has cast a negative light.").

I respectfully dissent.


/s/    Ken Wise
Justice


Panel consists of Justices Wise, Spain, and Hassan.  (Hassan, J., Majority).